**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-00809-WJM-MJW

KEVIN D. WHITELAW, Trustee of the Whitelaw 2007 Insurance Trust,

    Plaintiff,

v.

TERRY ANDERSON,
CAA FINANCIAL SERVICES, LLC,
TMA FINANCIAL SERVICES, LLC
WEALTH BY DESIGN AND MANAGEMENT, and
OMEGA CAPITAL, LLC

    Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE
AMENDED COMPLAINT; OR, IN THE ALTERNATIVE,
MOTION TO DISMISS FOR LACK OF JURISDICTION**

---

Plaintiff Kevin D. Whitelaw, Trustee of the Whitelaw 2007 Insurance Trust ("Plaintiff") brings claims against Defendants Terry Anderson, CAA Financial Services, LLC, TMA Financial Services, LLC, Wealth by Design and Management, and Omega Capital, LLC (collectively "Defendants") arising out of the purchase of a life insurance policy. (Am. Compl. (ECF No. 16).) Before the Court is Defendants' Motion to Strike Amended Complaint; or, in the Alternative, Motion to Dismiss for Lack of Jurisdiction ("Motion"). (ECF No. 24.) For the reasons set forth below, the Motion is denied.

## I. MOTION TO STRIKE

On July 19, 2011, Defendants filed a Motion to Dismiss Plaintiff's original Complaint. (ECF No. 13.) On August 12, 2011, without seeking leave of Court, Plaintiff filed an Amended Complaint. (ECF No. 16.) Defendants now move to strike the Amended Complaint pursuant to Federal Rule of Civil Procedure 15. (ECF No. 24 at 2-3.)

A party is permitted to file an amended complaint without leave of court within "21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B). Per local rules, "the time to respond or reply shall be calculated from the date of electronic service, regardless of whether other means of service are also used by the filing party." D.C.COLO.LCivR 5.2E. Thus, Plaintiff's time for filing her response to Defendant's original Motion to Dismiss began to run when he was electronically served with the motion on July 19, 2011. (ECF No. 13 at 9.) However, because Defendants served their Motion to Dismiss on Plaintiff electronically—and not personally—Federal Rule of Civil Procedure 6(d) requires that three days be added to Plaintiff's response deadline. Plaintiff therefore had 24 days to respond to Defendants' Motion to Dismiss and her Amended Complaint was timely. Fed. R. Civ. P. 6(d) & 15(a)(1)(B).

Plaintiff filed his Amended Complaint on the 24th day after Defendants filed their Motion to Dismiss; therefore, the Amended Complaint was timely. Accordingly, Defendants' Motion to Strike Plaintiff's Amended Complaint as untimely is denied.

**B.     Motion to Decline Supplemental Jurisdiction**

Plaintiff's Amended Complaint brings eight causes of action—a federal Racketeer Influenced and Corrupt Organizations Act ("RICO") claim and seven claims brought under Colorado state law. (Am. Compl. at pp. 7-16.) It is undisputed that the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's federal RICO claim and that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

In the Motion, Defendants argue that the Court should decline to exercise its supplemental jurisdiction over the state law claims. (ECF No. 24 at 4-5.) The Court may decline to exercise supplemental jurisdiction over a state law claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Defendants argue that Plaintiff's state law claims predominate over the federal claim because Plaintiff brings seven state law claims and only one federal claim. (ECF No. 24 at 4-5.) Defendants also argue that the fact that Plaintiff listed his federal claim third on his original Complaint shows that the state claims predominate. (*Id.*)

Defendants cite no authority for their contention that the order in which claims are listed in a complaint is the least bit relevant to whether state or federal issues predominate. Defendants also cite no authority showing that the number of federal claims as opposed to state claims is a factor that the Court should consider in deciding whether to exercise its supplemental jurisdiction over state claims. The law is clear that

when deciding whether the state law claims predominate over the federal claim, the relevant issue is the *type* of claims, not the number.  *Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 246-47 (2d Cir. 2011).  The federal claim in this case is a RICO claim which alleges that Defendants committed mail fraud and wire fraud in furtherance of an ongoing pattern of racketeering activity.  (Am. Comp. ¶¶ 43-50.) Many of Plaintiff's state law claims, such as fraud and unjust enrichment, encompass predicate acts necessary to prove the federal RICO claim.  (*Id.* ¶¶ 84-89; 105-110.) Plaintiff's other state law claims—such as civil conspiracy, breach of contract, and breach of fiduciary duty—are alternate causes of action that arise out of the same nucleus of facts as the federal RICO claim.  (*Id.* ¶¶ 68-73; 74-83; 94-104.)  Nothing in the Amended Complaint suggests that the issues raised in the state law claims will predominate over the federal RICO claim.  In fact, it appears that the federal RICO claim is the umbrella claim under which many, if not all, of the state law claims would fall.

In sum, the Court finds that issues raised by Plaintiff's state law claims do not predominate over Plaintiff's federal RICO claims.  As such, Defendants have not shown that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c)(2).

**C.     Motion to Dismiss Based on Statute of Limitations**

Finally, Defendants move to dismiss Plaintiff's Amended Complaint based on statute of limitations grounds.  (ECF No. 24 at 5-8.)  Defendants contend that Plaintiff's

claims have either a two or three year statute of limitations and that the limitations period expired before this action was brought. (*Id*.) Plaintiff does not dispute that his claims are subject to two and three year limitations statutes, but argues that the statute of limitations did not begin to run until he was aware of Defendants' wrongful actions. (ECF No. 38 at 6-7.) Defendants do not respond to Plaintiff's argument regarding accrual of the cause of action and Colorado law supports Plaintiff's argument. *See* Colo. Rev. Stat. § 13-80-108 (statute of limitations begins to run when a wrongful acts are "discovered or should have been discovered by the exercise of reasonable diligence.").

Plaintiff claims that he was not aware of Defendants' wrongful actions until October 22, 2009. (ECF No. 38 at 7.) It is undisputed that Plaintiff's claims were brought within two years of that date. (*Id*. at 7.) Defendants do not respond to Plaintiff's argument that his claims did not accrue until October 22, 2009 and do not offer any evidence to the contrary. (ECF No. 42.) Therefore, the Court has no reason to doubt that Plaintiff did not discover Defendants' wrongful actions until the date Plaintiff specifies.

Because Colorado law specifically states that the statute of limitations for Plaintiff's claims does not begin to run until Plaintiff discovers or, with reasonable diligence should have discovered, and the only evidence in the record is that Plaintiff discovered Defendants' wrongful acts less than two years before this action was initiated, the Court finds that Defendants have failed to show that Plaintiff's claims are

barred by the applicable statutes of limitation. Accordingly, Defendants' Motion to Dismiss is denied to the extent it seeks dismissal of Plaintiff's claims based on the applicable statutes of limitation.

### III. CONCLUSION

For the reasons set forth above, Defendants' Motion to Strike Amended Complaint; or, in the Alternative, Motion to Dismiss for Lack of Jurisdiction (ECF No. 24) is DENIED.

Dated this 29th day of March, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge