IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-00809-WJM-MJW

KEVIN D WHITELAW, TRUSTEE OF THE WHITELAW 2007 INSURANCE TRUST,

Plaintiff(s),

v.

TERRY ANDERSON;
CAA FINANCIAL SERVICES, LLC,
TMA FINANCIAL SERVICES, LLC,
WEALTH BY DESIGN AND MANAGEMENT; and
OMEGA CAPITAL, LLC,

Defendant(s).

---

**ORDER GRANTING IN PART AND DEFERRING IN PART
DEFENDANTS' MOTION TO COMPEL DISCOVERY
(DOCKET NO. 55)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Defendants' Motion to Compel Discovery (docket no. 55). The court has reviewed the subject motion (docket no. 55), the response (docket no. 58), and the reply (docket no. 59). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties

2

to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court

   determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004).  "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id.  See Fed. R. Civ. P. 26(b) and (c);

5. That in the Amended Complaint (docket no. 16), Plaintiff asserts the following claims: (1) 18 U.S.C. § 1962, Racketeer Influenced and Corrupt Organization (RICO); (2) §18-17-101, et. seq., Colorado Organized Crime Control Act (COCCA); (3) Civil Conspiracy; (4) Breach of Contract; (5) Common Law Fraud; (6) Negligence; (7) Breach of Fiduciary Duty; and (8) Unjust Enrichment;

6. That as to Defendants' Interrogatories Nos. 1-6, inclusive, I find that Plaintiff's responses were provided to Defendants in handwritten form and are illegible and incomplete.  Accordingly, Plaintiff shall provide typewritten full and complete responses to Defendants' Interrogatories 1-6, inclusive;

7. That as to Defendants' Interrogatories Nos. 7, 8, and 9 , I find that Plaintiff's responses to Defendants' Interrogatory Nos. 7, 8, and 9

4

are incomplete and lack particularity. An interrogatory response that references paragraphs of a complaint is not a proper answer to an interrogatory. See Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 685 (D. Kan 1991). Accordingly, Plaintiff shall provide full and complete responses, with particularity, to Defendants' Interrogatories Nos. 7, 8, and 9;

8. That as to Defendants' Request for Production (RFP) No. 4, I find that the document requested in RFP No. 4 is a **settlement agreement** between Plaintiff and John Hancock wherein Plaintiff argues that he is bound by a confidentiality agreement. Defendants argue that the settlement agreement is relevant and relates to the same transaction in this case and that the current protective order (docket nos. 39 and 41) entered in this case provides adequate protection to Plaintiff and John Hancock. I further find that this court should conduct an *in camera* review of the subject settlement agreement before entering any order concerning such settlement agreement; and

9. That as to Defendants' RFP Nos. 5, 6 and 7, I find that Plaintiff's arguments that such documents are not relevant and not reasonably calculated to lead to the discovery of admissible evidence are without merit. Accordingly, Plaintiff shall respond fully and completely to Defendants' RFP Nos. 5, 6 and 7.

5

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendants' Motion to Compel Discovery (docket no. 55) is **GRANTED IN PART AND THE COURT DEFERS RULING IN PART**;

2. That the Motion (docket no. 55) is **GRANTED** as follows.

    (a) As to Defendants' Interrogatories Nos. 1-9, inclusive, the Plaintiff shall provide full and complete typewritten responses to Defendants on or before July 23, 2012;

    (b) As to Defendants' Requests for Production Nos. 5, 6, and 7, the Plaintiff shall provide copies of such documents as requested in Defendants' Request for Production Nos. 5, 6, and 7, to Defendants on or before July 23, 2012; and

    (c) All documents disclosed per this ORDER shall be subject to the protective order (docket nos. 39 and 41) that was entered by this court on January 18, 2012;

3. That the court **DEFERS RULING** as follows.  Plaintiff shall file the settlement document that responds to Defendants' Request for Production No. 4 on or before July 9, 2012, for *in camera* review. Plaintiff shall file the settlement agreement with the court consistent with D.C.COLO.LCivR 7.2.  This court will **DEFER RULING** on the

6

Motion (docket no. 55) concerning Defendants' Request for Production No. 4 [settlement agreement] until after this court has had the opportunity to review the settlement agreement, *in camera;* and

4. That each party shall pay their own attorney fees and costs for this motion finding it would be unjust to award expenses under the facts and circumstances of this case.

Done this 2nd day of July 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE